# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| LOIUS REGNA, | ) | |
| --- | --- | --- |
| | ) | Civil Action No. 10 - 720 |
| Petitioner, | ) | |
| | ) | District Judge Terrence F. McVerry |
| v. | ) | |
| | ) | Magistrate Judge Cynthia Reed Eddy |
| RAYMOND SOBINA; THE DISTRICT ATTORNEY OF LAWRENCE COUNTY and THE ATTORNEY GENERAL OF PENNSYLVANIA, | ) ) ) ) ) | |
| Respondents. | ) | |

## REPORT AND RECOMMENDATION

**I.     RECOMMENDATION**

It is respectfully recommended that the Petition for Writ of Habeas Corpus be dismissed as untimely and that a certificate of appealability be denied.

**II.     REPORT**

Petitioner, Louis Regna, a state prisoner incarcerated at the State Correctional Institution at Albion in Pennsylvania, has petitioned for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 wherein he raises claims concerning his convictions for Rape and related charges. For the reasons that follow, the Petition should be dismissed because it was not filed within the one-year limitations period provided for under 28 U.S.C. § 2244(d).

### A. Relevant Procedural History

On July 11, 2001, in the Court of Common Pleas of Lawrence County, Petitioner was convicted of several counts of Rape and related charges. Thereafter, he was sentenced to an aggregate term of imprisonment of from twelve (12) to twenty-four (24) years. Following the reinstatement of his appeal rights, Petitioner filed a timely notice of appeal and on December 2,

1

2004, the Superior Court of Pennsylvania vacated his judgment of sentence and remanded for a new trial. The Commonwealth filed a timely Petition for Allowance of Appeal to the Supreme Court of Pennsylvania. On June 21, 2005, the Supreme Court of Pennsylvania reversed the order of the Superior Court.

Shortly thereafter, Petitioner filed a *pro se* petition for relief under the Pennsylvania Post Conviction Relief Act (PCRA), 42 Pa. Cons. Stat. § 9545. On June 22, 2006, the Trial Court dismissed Petitioner's PCRA Petition as without merit. Petitioner filed a timely Notice of Appeal and on March 13, 2007, the Superior Court of Pennsylvania issued a Memorandum affirming the Trial Court's determination dismissing Petitioner's PCRA Petition. On October 4, 2007, the Supreme Court of Pennsylvania denied Petitioner's Petition for Allowance of Appeal.

On September 17, 2008, Petitioner filed a second *pro se* Motion for Post Conviction Collateral Relief. On September 2, 2009, this Petition was dismissed as untimely and as without merit. Petitioner filed a timely Notice of Appeal and on July 30, 2010, the Superior Court of Pennsylvania issued a Memorandum affirming the Trial Court's determination dismissing Petitioner's PCRA Petition as untimely. Petitioner filed the instant federal Petition for Writ of Habeas Corpus on May 25, 2010.

### B. Time Period for Filing Federal Habeas Corpus Petitions

The first consideration in reviewing a federal habeas corpus petition is whether the petition was timely filed under the one-year limitations period applicable to such petitions. In this regard, the federal habeas corpus laws were amended pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 142 Cong. Rec. H3305-01 (April 24, 1996). In section 101 of AEDPA, Congress imposed a new, one-year limitations period applicable to state prisoners, which provides as follows.

> (d) (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State Court. The limitation period shall run from the latest of–
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d) (as amended).

The statute of limitations set out in § 2244(d)(1) must be applied on a claim-by-claim basis. Fielder v. Varner, 379 F.3d 113 (3d Cir. 2004), *cert denied*, 543 U. S. 1067 (2005). In analyzing whether a petition for writ of habeas corpus has been timely filed under the new one-year limitations period, a federal court must undertake a three-part inquiry. First, the court must determine the date that the petitioner's direct review concluded and the judgment became "final" for purposes of triggering the one-year period under section § 2244(d)(1)(A). Second, the court must determine whether any "properly filed" applications for post-conviction or collateral relief were pending during the limitations period that would toll the statute pursuant to section

2244(d)(2). Third, the court must determine whether any of the other statutory exceptions or equitable tolling should be applied on the facts presented.

In the instant action, on direct appeal, the Supreme Court of Pennsylvania denied Petitioner's Petition for Allowance of Appeal on June 21, 2005. Consequently, direct review of Petitioner's conviction became "final" on or about September 21, 2005, the date of the expiration of the ninety-day period for filing a petition for writ of certiorari in the United States Supreme Court. *See* Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000) (noting that a judgment becomes final at the conclusion of direct review or the expiration of time for seeking such review, including the time limit (90 days) for filing a writ of certiorari in the Supreme Court); Kapral v. United States, 166 F.3d 565, 575 (3d Cir. 1999) (same for 28 U.S.C. § 2255 motions). Thus, Petitioner had one year from that date, *i.e.*, until September 21, 2006 to file a federal habeas corpus petition challenging his conviction.

Petitioner's federal habeas corpus Petition is signed and dated May 24, 2010, well past the expiration of his one-year limitations period. Consequently, this court must determine whether the Petitioner can take advantage of the "tolling" provision in section 2244(d)(2). Section 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

With respect to the instant petition, Petitioner filed his first PCRA Petition before his appeal became final. Thus, his one year limitations period was tolled the entire time that he was pursuing his first PCRA petition through October 4, 2007, the date the Supreme Court of Pennsylvania denied his Petition for Allowance of Appeal. *See* Stokes v. District Attorney of

County of Philadelphia, 247 F.3d 539, 542 (3d Cir. 2001) (holding that the time during which a state prisoner may file a petition for a writ of certiorari in the United States Supreme Court from the denial of his state post conviction petition does not toll the statute of limitations on filing a habeas petition). He is not entitled to any tolling with regards to his second PCRA Petition as that petition was dismissed as untimely. Pace v. DiGuglielmo, 544 U.S. 408 (2005) (holding that untimely Pennsylvania PCRA petition does not toll AEDPA's limitation period); Artuz v. Bennett, 531 U.S. 4, 8 (2000) (holding that a state post conviction petition is properly filed when its delivery and acceptance are in compliance with applicable laws). Thus, his limitations period began running on October 5, 2007 and expired one year later on October 4, 2008.

Nothing in the record in this action indicates that Petitioner is entitled to take advantage of any of the other provisions in AEDPA triggering the one-year limitations period. In this regard, Petitioner's petition for habeas corpus does not indicate that he suffered any impediment to filing his federal petition. 28 U.S.C. § 2244(d)(1)(B). Nor has he asserted that his claims are based on a new constitutional right recognized by the United States Supreme Court and made retroactive to cases on collateral review. 28 U.S.C. § 2244(d)(1)(C). In addition, he has not shown that his claims are based upon a factual predicate that could not have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1)(D).

Finally, Petitioner has not made any showing that the doctrine of equitable tolling should be applied in this action. Although AEDPA's one-year limitation in § 2244(d) is a statute of limitations, not a jurisdictional bar, and, therefore, may be equitably tolled:

> . . . equitable tolling is proper only when the principles of equity would make the rigid application of a limitation period unfair. Generally, this will occur when the petitioner has in some extraordinary way been prevented from asserting his or her rights. The petitioner must show that he or she exercised reasonable diligence in investigating and bringing the claims. Mere excusable neglect is not sufficient.

Miller v. New Jersey State Dept. of Corrections, 145 F.3d 616, 618-19 (3d Cir. 1998) (internal citations, quotations, and punctuation omitted). The burden of establishing entitlement to the extraordinary remedy of equitable tolling rests with the petitioner. *Id*. at 978.

The United States Court of Appeals for the Third Circuit has indicated that equitable tolling of the AEDPA statute of limitations is permitted if: "(1) the defendant has actively misled the plaintiff, (2) the plaintiff has in some extraordinary way been prevented from asserting his rights, or (3) the plaintiff has timely asserted his rights mistakenly in the wrong forum." Fahy v. Horn, 240 F.3d 239, 244 (3d Cir.) (internal citation omitted), *cert. denied,* 534 U.S. 944 (2001). In the instant action, Petitioner has not carried his burden of showing any extraordinary circumstances beyond his control that accounted for his failure to have filed his habeas petition in a timely manner. *See, e.g.*, Johnson v. Hendricks, 314 F.3d 159 (3d Cir. 2002) (agreeing with other circuits in holding that in non-capital cases, an attorney's mistake in determining a petitioner's one-year limitations period does not constitute extraordinary circumstances for purposes of equitable tolling); Fisher v. Johnson, 174 F.3d 710, 714 (5th Cir.1999) ("[I]gnorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing."); In re Boshears, 110 F.3d 1538, 1540-41 (11th Cir. 1997) (holding that newly discovered evidence suggesting that petitioner did not commit the crime did not justify the filing of a successive habeas petition because the petitioner had failed to explain why the evidence could not have been discovered earlier with due diligence).

The discussion above reveals that the petition for writ of habeas corpus in the instant action was not timely filed in accordance with the directives in 28 U.S.C. § 2244(d). Consequently, it is recommended that the Petition be dismissed as untimely.

## C. Certificate of Appealability

Section 2253 generally governs appeals from district court orders regarding habeas petitions. Section 2253(c)(1)(A) provides that an appeal may not be taken from a final order in a habeas proceeding in which the detention arises out of process issued by a State court unless a certificate of appealability (COA) has been issued. A certificate of appealability should be issued only when a petitioner has made a substantial showing of a denial of a constitutional right. 28 U.S.C. ' 2254(c)(2). There is a difficulty with this provision when the District Court does not decide the case on the merits but decides the case on a procedural ground without determining whether there has been a denial of a constitutional right. In <u>Slack v. McDaniel</u>, 529 U.S. 473 (2000), the Supreme Court held that " "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Applying this standard to the instant case, the court concludes that jurists of reason would not find it debatable whether the Petition was filed within the one-year limitation period provided for under AEDPA. Accordingly, a certificate of appealability should be denied.

## III. <u>CONCLUSION</u>

Based on the discussion above, it is respectfully recommended that the Petition for Writ of Habeas Corpus be dismissed as untimely and that a certificate of appealability be denied.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and the Local Rules for Magistrate Judges, the parties are allowed fourteen (14) days from the date of service to file objections to this report and recommendation. Any party opposing the objections

shall have fourteen (14) days from the date of service of objections to respond thereto.  Failure to file timely objections will constitute a waiver of any appellate rights.

December 12, 2011                              /s Cynthia Reed Eddy
                                                                             Cynthia Reed Eddy
                                                                             U. S. Magistrate Judge

Louis Regna
FB-1218
SCI-Albion
10745, Route 18
Allbion, PA 16475